[Cite as *State v. Storer*, 2019-Ohio-5166.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-04-005 |
| | : | O P I N I O N |
| - vs - | | 12/16/2019 |
| | : | |
| MATTHEW S. STORER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20180384

Jess C. Weade, Fayette County Prosecuting Attorney, Sean M. Abbott, 110 East Court Street, Washington Court House, Ohio 43160, for appellee

Steven H. Eckstein, 1208 Bramble Avenue, Washington Court House, Ohio 43160, for appellant

**RINGLAND, P.J.**

{¶ 1} Matthew Storer appeals his felony drug conviction in the Fayette County Common Pleas Court. For the reasons described below, this court affirms Storer's conviction.

{¶ 2} In October 2018, Fayette County grand jurors indicted Storer on one count of aggravated possession of drugs, a violation of R.C. 2925.11(A) and (C)(1)(a), and a felony of

the fifth degree. The indictment resulted from a police officer's recovery of a small quantity of methamphetamine in Storer's possession during a pat down search. The pat down search occurred following a probation search of a motel room where Storer was living with Isabelle Allman, who was on probation, and Allman's boyfriend.

{¶ 3} While the criminal case was pending, Storer moved to suppress the evidence against him as obtained in violation of his constitutional rights. At the suppression hearing, the state elicited testimony from Dan Sheets, Allman's probation officer, and the arresting patrolman, Justin Everhart.

{¶ 4} Officer Sheets testified that the terms of Allman's probation allowed him to search Allman or her residence at any time. On August 14, 2018, Allman appeared at her probation meeting and admitted that she and her boyfriend had been using drugs. Storer, Allman, and her boyfriend were living in a room at the City Motel in Washington Court House, Ohio. The motel room was Allman's registered address with the probation department. Storer was supplying Allman and Allman's boyfriend with drugs. Allman indicated that there were drugs currently in the motel room.

{¶ 5} Officer Sheets arrested Allman. Approximately one hour later, Officer Sheets, Patrolman Everhart, and other probation and law enforcement officers traveled to Allman's room at the City Motel. Officer Sheets knocked on the door and tried the door handle, which was unlocked. He opened the door, yelled for Allman's boyfriend, and entered the room. Officer Sheets and another probation officer then began searching the motel room, which consisted of a bedroom and adjoining bathroom. Allman's boyfriend and Storer were present in the room while the search occurred. Patrolman Everhart and other law enforcement officers stood by as the probation officers searched.

{¶ 6} The probation officers observed spoons and needles, believed to be drug paraphernalia, in plain view in the bathroom. The bedroom was cluttered with clothing. In

- 2 -

one corner of the bedroom there was a pile of bags. Sheets explained that there were both male and female clothing visible in the room but he could not discern whom the bags belonged to without opening each bag. Sheets opened one bag and discovered two digital scales. After the digital scales were recovered, Storer admitted ownership of the bag.

{¶ 7} Patrolman Everhart then arrested Storer for possession of drug paraphernalia. In a subsequent search incident to arrest, Patrolman Everhart located a cigarette pack in Storer's possession. Within the cigarette pack, Patrolman Everhart retrieved a small baggie containing methamphetamine.

{¶ 8} After hearing the evidence and arguments, the trial court announced that it would deny Storer's motion to suppress. The trial court reasoned that Storer was living with a probationer and had no reasonable expectation of privacy in the contents of the bag. Storer subsequently entered a plea of no contest and the trial court found him guilty. Storer appeals, raising a single assignment of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS IN VIOLATION OF HIS RIGHTS UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

{¶ 11} Storer argues that the probation and law enforcement officers executed an illegal, warrantless search of the motel room. First, he contends that consent to search, provided pursuant to the terms of Allman's probation, was revoked when Allman was arrested. Second, Storer argues that Allman had neither actual nor apparent authority to consent to a search of his bag. Third, Storer argues that the digital scales did not provide police with probable cause to arrest him for drug paraphernalia. Therefore, the subsequent recovery of methamphetamine was fruit of the poisonous tree.

{¶ 12} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12. The trial court, as the factfinder, is in the best position to resolve factual questions and evaluate witness credibility. Therefore, when reviewing the denial of a motion to suppress, a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. This court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard. *Id.*

{¶ 13} The Fourth Amendment to the United States Constitution assures the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." The Fourth Amendment right of privacy extends to occupants of a hotel room. *Stoner v. California*, 376 U.S. 483, 490, 84 S.Ct. 889 (1964). Warrantless searches and seizures are unreasonable under the Fourth Amendment except for a few well-delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507 (1967).

{¶ 14} The United States Supreme Court has upheld warrantless searches of a probationer's residence, provided that a "reasonable suspicion" exists that evidence of criminal activity can be found in a probationer's home. *United States v. Knights*, 534 U.S. 112, 120-121, 122 S.Ct. 587 (2001). In addition, the Ohio Revised Code authorizes a probation officer to conduct a warrantless search of a probationer's person or home if the officer has "reasonable grounds" to believe the probationer failed to abide by the law or by the terms of his probation. R.C. 2967.131(C). *Accord State v. Cowans*, 87 Ohio St.3d 68, 75 (1999) (recognizing "a probation officer may search a probationer's home without a warrant and upon less than probable cause").

{¶ 15} Another exception to the warrant requirement exists when an individual consents to a search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 228, 93 S.Ct. 2041 (1973).

The Ohio Supreme Court has recognized that parolees may validly consent in advance to warrantless searches in exchange for the opportunity to shorten a prison term. *State v. Benton*, 82 Ohio St.3d 316, 321 (1998). [1] "A warrantless search performed pursuant to a condition of parole requiring a parolee to submit to random searches of his or her person, motor vehicle, or place of residence by a parole officer at any time is constitutional" as a consent search. *Id.* at syllabus.

{¶ 16} Storer first argues that any consent to search based upon the terms of Allman's probation terminated upon Allman's arrest. Storer cites no authority in support of this proposition. Instead, Storer cites several federal court cases that stand for the assertion that a warrantless search of a probationer's residence following the probationer's arrest does not violate the Fourth Amendment.

{¶ 17} As a probationer, Allman consented to the probation department conducting searches of her person or residence at any time. She informed Officer Sheets that she had violated her probation by taking illegal narcotics and having drugs in her residence. Officer Sheets could not simply rely on Allman's statement that she was violating probation. He was duty bound to investigate her claims and obtain further evidence to confirm her statements and to support the department's prosecution of the probation violation. Allman's arrest did not terminate her probation and it did not prevent Officer Sheets from performing his duties as Allman's probation officer.

{¶ 18} Storer's argument implies that the search was merely a pretext to conduct a warrantless search in support of a separate criminal investigation against Allman's boyfriend or Storer. However, the facts indicate that this was primarily a probation search. Officer Sheets executed the search only one hour after arresting Allman and there was no evidence

---

1. The Ohio Supreme Court has held that there is "no material difference between probationers and parolees in the context of constitutional guarantees." *State v. Roberts*, 32 Ohio St. 3d 225, 229 (1987).

suggesting any effort to ensure that the boyfriend or Storer were present during the search. Patrolman Everhart testified that he was unaware of whether any other individuals would be at the motel room when they arrived. Patrolman Everhart also testified that he was there to assist Officer Sheets and the other probation officer and simply watched as they conducted their search.

{¶ 19} Next, Storer argues that consent to conduct a probation search of the common areas of the motel room or Allman's personal property did not also extend to his personal property, including the bag containing the digital scales. Permission to search may be obtained from a third party who possesses common authority over the premises. *United States v. Matlock*, 415 U.S. 164, 170, 94 S.Ct. 988 (1974). The authority which justifies third-party consent to search rests upon:

> mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*Id.* at 171, fn. 7. The state bears the burden of establishing common authority. *Illinois v. Rodriguez*, 497 U.S. 177, 181, 110 S.Ct. 2793, 111 L. Ed. 2d 148 (1990).

{¶ 20} Even if a third party does not possess common authority to consent to a search, the Fourth Amendment is not violated if the police reasonably relied on the third party's apparent authority to consent. *State v. Norman*, 12th Dist. Warren No. CA2014-02-033, 2014-Ohio-5084, ¶ 38. Apparent authority is judged by an objective standard. *Id.* A warrantless search based on apparent authority to consent is permissible if "'the facts available to the officer at the moment [would] "warrant a man of reasonable caution in the belief" that the consenting party had authority over the premises.'" *Id.*, quoting *Rodriguez* at 188, in turn quoting *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S.Ct. 1868 (1968).

{¶ 21} In *Norman*, this court reversed a trial court decision denying a motion to suppress evidence in a case involving a probation consent search. There, the defendant and another individual rented a basement portion of a home from the probationer, who lived on the main and upper floors of the home. *Id.* at ¶ 2, 30. The probation officer came to the home to investigate claims that the probationer had firearms and marijuana plants in the home. *Id.* at ¶ 8. Upon entry to the home, the officer detected the smell of marijuana coming from the basement. *Id.*

{¶ 22} The officer attempted to gain access to the basement but it was locked with a key lock and a number-pad activated bolt lock. *Id.* at ¶ 2. The probationer informed the officer that he was renting out the basement and did not have a key to open the door or know the passcode. *Id.* The probationer produced a written lease, but the probation officer did not look at it. *Id.* at ¶ 9.

{¶ 23} Meanwhile, one of the renters arrived at the home. *Id.* at ¶ 3. The renter admitted that there was marijuana in the basement but refused to consent to a search or to open the door for the probation officer. *Id.* at ¶ 3. The probation officer then took the door off the hinges and entered the basement, uncovering a marijuana grow operation. *Id.* at ¶ 4.

{¶ 24} The trial court concluded that the probationer had both actual and apparent authority to consent to the search. *Id.* at ¶ 21. On appeal, this court concluded that the probationer did not have common authority to enter the basement because he had entered into a written lease agreement with his renters that granted them exclusive use of the premises. *Id.* at ¶ 36. Additionally, he could not physically enter the basement because it was locked and he claimed not to have a key or to know the passcode. *Id.* This court also found that the evidence did not demonstrate apparent authority because, given the circumstances presented, the probation officer should have had reason to doubt that the probationer had the authority to enter the basement. *Id.* at ¶ 39.

{¶ 25} In this case, there was no evidence indicating that Allman had common or actual authority to consent to a search of Storer's bag. However, unlike *Norman*, there was evidence to indicate that Officer Sheets could reasonably believe that he had the right to search the bag pursuant to the terms of Allman's probation. The motel room was Allman's registered residence with the probation department. Officer Sheets found the bag in a common area. It was not segregated from the other bags located in the room. The bag was not secured in any manner; Officer Sheets merely had to open it to examine it contents.

{¶ 26} Officer Sheets could not determine if the bag belonged to a male or female without opening it. There was no evidence presented indicating what else was in the bag or whether the bag contained items that Officer Sheets had to first remove to find the scales, which could have indicated that the bag belonged to someone other than Allman. Notably, Storer did not object to Officer Sheets opening the bag. Storer only identified it as his bag after Officer Sheets had searched it. Under the circumstances presented, this court concludes that a reasonable probation officer in Officer Sheets' position would not have reason to doubt his ability to search the bag. The search in this case was reasonable and did not violate Storer's Fourth Amendment rights.

{¶ 27} Finally, Storer argues that Patrolman Everhart lacked probable cause to arrest him for drug paraphernalia based on his admission that he owned the bag with the scales. He argues that the spoons and needles found in the bathroom were in a common area of the motel room shared with two other people and, as such, the evidence available to Patrolman Everhart did not establish probable cause to arrest him for drug paraphernalia. Storer argues that because his arrest was invalid, then the subsequent search incident to arrest was illegal.

{¶ 28} "For a warrantless arrest to be lawful, the arresting officer must have probable cause that the individual had committed an offense." *State v. Watson*, 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 14. "Probable cause is generally defined as a

reasonable ground of suspicion supported by facts and circumstances sufficiently strong in themselves to warrant a prudent person in believing an accused person has committed or was committing an offense." *State v. Christopher*, 12th Dist. Clermont No. CA2009-08-041, 2010-Ohio-1816, ¶ 16.

{¶ 29} Officer Sheets and Patrolman Everhart went to the motel room because Allman had confessed to violating her probation and had informed Officer Sheets that there were drugs in the room. Allman identified Storer as the individual who was supplying her with drugs. The probation officers observed spoons and needles in plain view. Based upon this evidence, Patrolman Everhart would have reasonable grounds to believe that the scales were drug paraphernalia. In conclusion, this court finds that police did not violate Storer's Fourth Amendment rights through the warrantless probation search of the motel room and Storer's subsequent arrest. This court overrules Storer's assignment of error.

{¶ 30} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.